UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DR. BELLUR G. SHIVA PRASAD,

    Plaintiff,

    v.

GE AVIATION, *et al.*,

    Defendants.

Civil Action 2:13-cv-272
JUDGE ALGENON L. MARBLEY
Magistrate Judge Vascura

**OPINION AND ORDER**

This matter is before the Court on *Defendant's Motion for Summary judgment*, ECF No. 43,[1] plaintiff's memorandum *contra, Rebuttal to Summary Judgment Motion*, ECF No. 46 (hereinafter "*Memo. in Opp.*"), *Defendant's Reply Memorandum in Support of Its Motion for Summary Judgment*, ECF No. 49 (hereinafter "*Reply*"), and plaintiff's surreply, *Rebuttal to Defendants' Reply Memorandum in Support of Summary Judgment Motion*, ECF No. 52 (hereinafter "*Surreply*"). For the reasons that follow, *Defendant's Motion for Summary judgment* is **GRANTED**.

**Procedural History**

Plaintiff Bellur G. Shiva Prasad, Ph.D., was employed by GE for approximately four (4) months in 2012, assigned to work on the analytical modeling of air and fluid flow through jet engines as a senior staff engineer/technologist. Following the termination of his

---

[1] Plaintiff names as defendants not only General Electric Company but also General Electric Aviation, which is identified as a business unit of General Electric Company and not a separate legal entity. *Amended Complaint*, ECF No. 4, ¶ 2; *Defendant's Motion for Summary Judgment*, ECF No. 43, PageID# 244. The Court will refer to defendants collectively as "GE."

1

employment, he initiated this action without the assistance of counsel, asserting claims under "Title VII of the Civil Rights Act of 1964 including ADEA and retaliation and the Ohio Law," as well as a state law claim of wrongful termination in violation of public policy. *Complaint*, ECF No. 2, PageID# 3. Counsel thereafter entered an appearance on behalf of plaintiff, *Notice of Appearance*, ECF No. 3, and filed an *Amended Complaint*, ECF No. 4.[2] The *Amended Complaint* invokes only Ohio's public policy and "Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-3 and Ohio R. C. 4112.02(I)," *id.*, at PageID# 11, and asserts a claim of wrongful termination in violation of Ohio Public Policy, *id.* at ¶ 14 (Count One), and retaliation "for making a Civil Rights violation complaint to the EEOC/Ohio Civil Rights Commission. . . in violation of Title VII of the Civil Rights Act of 1964,, 42 U.S.C. § 2000e-3, and Ohio R.C. 4112.02(I)," *id.* at ¶ 15 (Count Two). The *Amended Complaint* specifically alleges that plaintiff's employment was terminated

> in retaliation for his making complaints to Defendant about jet engine design problems involving fuel detection sensors and engine safety, complaining about intoxicated co-workers, complaining about the adverse way he was being treated and disrespected in the office in violation of Ohio public policy which does not permit an employer to terminate an at-will employee like the Plaintiff for making complaints to it about jet engine safety, workplace hazards, and co-worker intoxication, discrimination, and making reports to the FAA and the EEOC/Ohio Civil Rights Commission.

*Id.* at ¶ 9.

GE moved to compel arbitration of the state law claims, pursuant to the parties' arbitration agreement, and to stay proceedings on the

---

[2] Neither the original *Complaint* nor the *Amended Complaint* was verified.

Title VII claim pending resolution of the state law claims in arbitration. *Motion to Compel Arbitration and Stay Proceedings*, ECF No. 7. The Court granted that motion, but also noted that plaintiff's claims of retaliation under federal and state law were co-extensive:

> All three of Plaintiff's claims pertain to the termination of Defendant's employment. In an attempt to prove his Ohio Civil Rights claim, Plaintiff will be presenting the same facts as he would in his Title VII proceedings, since both causes of action are identical. Plaintiff's claims are not separate and distinct, but revolve around whether Defendant retaliated against Plaintiff.

*Amended Opinion & Order*, ECF No. 14, PageID# 116 (citation omitted).

In the arbitration proceedings, where he was represented by yet different counsel, plaintiff objected to the arbitration of the state retaliation claim on the ground that resolution of that claim by the arbitrator would effectively also resolve the federal retaliation claim, which had been reserved for resolution by this Court. *Excerpts from Plaintiff's Arbitration Closing Brief*, ECF No. 43-3, PageID# 383-84. The arbitrator agreed and declined to consider plaintiff's state law retaliation claim.

> The Court has found that the law governing a Title VII proceeding is the same as a retaliation claim under OCRC. It found that the same facts would be presented in both claims. Notwithstanding the Court's decision stating that the OCRC retaliation claim is arbitrable, together with the state claim based on wrongful termination in violation of public policy, the OCRC claim should, based upon both parties' positions before me, be decided and resolved by the Court with the Title VII claim upon the same facts, proof and law. Accordingly, the Claimant's state law based claim that he was terminated from his employment in retaliation for his bringing an OCRC age discrimination complaint will not be addressed, considered and resolved in this proceeding.

*Arbitrator's Decision*, ECF No. 43-4, PageID# 386-87. The arbitrator ultimately concluded that plaintiff had not established his claim that

his employment was wrongfully terminated in violation of Ohio's public policy. *Id*. at PageID# 394. The Court thereafter granted plaintiff's motion to lift the stay "so that the parties may proceed to resolve the remaining claim." *Order*, ECF No. 31. Some months later, plaintiff's counsel was granted leave to withdraw, *Order*, ECF No. 41, and plaintiff has been proceeding without the assistance of counsel since that time. Following the conclusion of the discovery period, GE filed the motion for summary judgment.

**Standards**

1. Summary Judgment

The standard for summary judgment is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). In making this determination, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970). Summary judgment is not warranted if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 243 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be

insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 477 U.S. at 251.

The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Catrett,* 477 U.S. at 323. Once the moving party has met its initial burden, the burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250. "Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert the previous allegations. It is not sufficient to 'simply show that there is some metaphysical doubt as to the material facts.'" *Glover v. Speedway Super Am. LLC,* 284 F.Supp.2d 858, 862 (S.D. Ohio 2003)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-moving party must support the assertion that a fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1).

In ruling on a motion for summary judgment "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Glover,* 284 F.Supp. 2d at 862 (citing *InteRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989)). Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on

5

file, together with any affidavits submitted, specifically called to its attention by the parties." *Id. See also* Fed. R. Civ. P. 56(c)(3).

### 2. Retaliation Claim

Title VII of the Civil Rights Act of 1964, as amended, prohibits, *inter alia*, the discharge of any individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The Act also prohibits retaliation because an individual "has made a charge, testified, assisted, or participated in any manner in an investigation, proceedings, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a). Title VII does not prohibit discrimination on the basis of age. It is the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. § 621 *et seq*., that is the federal law prohibiting employment discrimination based on age, see 29 U.S.C. § 623(a), and retaliation for having "participated in any manner in an investigation, proceeding, or litigation under" the ADEA. *See* 29 U.S.C. § 623(d). Ohio law, O.R.C. § 4112.02(A), is broader than either Title VII or the ADEA in this regard. That state statute prohibits discrimination on the basis of "race, color, religion, sex, military status, national origin, disability, age, or ancestry." O.R.C. § 4112.02(A). Ohio law also prohibits retaliation for having "participated in any manner in any investigation, proceeding, or hearing under" O.R.C. § 4112.01 *et seq*. O.R.C. § 4112.02(I). As noted *supra*, the *Amended Complaint* asserts claims of retaliatory termination "for making a Civil Rights violation complaint to the EEOC/Ohio Civil Rights Commission" in violation of Title VII and § 4112.02(I). *Amended Complaint*, ¶ 15.

6

The Court previously referred all of plaintiff's state law claims to arbitration and stayed only the Title VII retaliation claim. *Amended Opinion & Order*, ECF No. 14. However, the arbitrator declined – at plaintiff's request - to consider plaintiff's retaliation claim under O.R.C. § 4112.02(I) so as to preserve plaintiff's retaliation claim under Title VII for the Court's resolution. *Arbitrator's Decision*, ECF No. 43-4, PageID# 386-87. Plaintiff's Title VII retaliation claim is therefore ripe for resolution by this Court.

A plaintiff claiming unlawful retaliation in violation of Title VII must establish that his protected activity was the "but-for cause" of the alleged adverse action by the employer. *Univ. of Texas Sw. Med. Ctr. v. Nassar,* 570 U.S. 338, 360 (2013). Unless the plaintiff can establish that the employer would not have taken the adverse employment action but for its intention to retaliate, the claim will fail.

A retaliation claim may be established either by direct evidence of retaliation or by circumstantial evidence sufficient to give rise to an inference of retaliation. *Imwalle v. Reliance Med. Prods., Inc.,* 515 F.3d 531, 538 (6th Cir. 2008). In the latter circumstance, "[c]ourts analyzing retaliation claims apply the *McDonnell Douglas* framework of shifting burdens of production and proof." *Dixon V. Gonzales*, 481 F.3d 324, 333 (6th Cir. 2007) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). In order to establish a *prima facie* claim of retaliation based on circumstantial evidence, a plaintiff must prove (1) that he engaged in protected activity under Title VII, (2) that his exercise of protected rights was known to the

employer, (3) that the employer thereafter took an adverse employment action against the plaintiff, and (4) a causal connection exists between the protected activity and the adverse employment action. *Morris v. Oldham Cnty. Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000). If the plaintiff meets this initial burden, the burden of production then shifts to the employer to articulate a legitimate, non-retaliatory reason for its actions. *Id*. at 793. At that point, it is the plaintiff, who always bears the ultimate burden of persuasion, who must prove that the protected activity was the but-for cause of the adverse employment action.

Plaintiff offers no direct evidence of unlawful retaliation in this action. GE contends that plaintiff cannot establish a *prima facie* case of retaliation based on circumstantial evidence because, "at the time of Plaintiff's termination, GE [] had no knowledge of him contacting the EEOC." *Defendant's Motion for Summary Judgment*, PageID# 245. In any event, GE argues, plaintiff's deficient performance as an employee provided a legitimate, non-retaliatory reason for the termination of his employment.

**Discussion**

Plaintiff was hired by GE in January 2012 and began working in February 2012. *Arbitration Hearing Transcript* (hereinafter "Tr. p. __"), p. 34.[3] At the time, plaintiff was 64 years of age. *Id*. at p. 4. Plaintiff had difficulty getting along with other engineers and even

---

[3] Both sides have submitted excerpts of the arbitration transcript, *Excerpts from Arbitration Hearing Transcript*, ECF Nos. 43-1, 43-2; *Ref 1 Part 1 – Ref – 1 Part 4*, ECF Nos. 46-1 – 46-4, although plaintiff's submission is the more complete. The Court will refer to the page of the transcript, rather than to the PageID# number.

8

with his own supervisors, Kevin Klasing and Tim Stone. *See, e.g.*, Tr. pp. 97, 188 – 199. On May 11, 2012, Stacey Marroso, a human resources manager, advised plaintiff that Tim Stone had reported that plaintiff was not "doing any work," was "asking too many questions in meetings," and was "not following the instructions of [his] supervisors." Tr. pp. 97, 203. On May 25, 2012, Kevin Klasing gave plaintiff a coaching plan and a disciplinary warning signed by Klasing and Stone. ECF No. 46-5, PageID# 769-74; Tr. pp. 148, 208, 213. Plaintiff regarded the plan and warning as "silly." Tr. p. 213. On June 1, 2012, plaintiff met with Klasing, who gave plaintiff another set of notices regarding deficiencies in plaintiff's performance. ECF No. 46-5, PageID# 775-78; Tr. p. 149-51. Later that same day, plaintiff complained to the Federal Aviation Administration (hereinafter "FAA") about defects that he perceived in the design of GE's engines and his perceived threat to his employment. Tr. pp. 155, 208-09.[4] Plaintiff also called the EEOC with a complaint. Tr. p. 210. Plaintiff's employment with GE was terminated on June 6, 2012. *June 6, 2012 Letter to Plaintiff from Stacey Morroso*, ECF No. 46-5, PageID# 812; Tr. p. 153. A written complaint, apparently filed with the EEOC on June 11, 2012, alleged discrimination based on color, religion, national origin, age, and retaliation. *Charge of Discrimination*, ECF No. 43-5, PageID# 396.

During the arbitration proceeding, plaintiff acknowledged that he "didn't communicate to anyone at GE [] that [he] had contacted the EEOC." *Id*. Specifically, plaintiff testified that he "didn't communicate anything about national origin discrimination to anyone at

---

[4] Plaintiff received no response from the FAA. Tr. p. 156.

9

GE [], . . . about color discrimination,. . . [or] about religious discrimination." Tr. pp. 210-11. However, plaintiff also testified that he had told GE's human resource manager that a GE employee had called plaintiff "old," Tr. p. 211. This apparently referred to a May 8, 2012, incident involving one Rob Athans, who introduced plaintiff at a group presentation as "older than many of the people and so [he has] more experience than many of the people there in the group." Tr. p. 88. Plaintiff was offended by the reference to his age, and he so advised Athans. *May 8, 2012, Email to Rob Athans*, ECF No. 46-5, PageID# 809.

GE contends that, because GE had no knowledge of plaintiff's contact with the EEOC, it could not have retaliated against him because of that contact. In his response, plaintiff continues to emphasize his efforts to report and "rectify" GE's "unsafe product design." *Memo. in Opp.*, PageID# 410. Of course, any such efforts – although relevant to plaintiff's public policy claim - are irrelevant to his remaining claim of unlawful retaliation under Title VII. Moreover, plaintiff appears to confuse unpleasant treatment in the work-place with unlawful discrimination:

> . . . the Plaintiff complained to the HR Man[a]ger about Stone's direction to the plaintiff to behave like a military person and obey the bosses. The HR manager did not tell the plaintiff that Stone or management staff have given similar directions/notices to other employees. This demonstrates that the plaintiff was treated differently than others, which amounts to discrimination.

10

*Memo. in Opp*., PageID# 412. When plaintiff asserts that he reported discriminatory actions to GE managers,[5] it is therefore unclear whether he is referring to discriminatory practices violative of Title VII. It is true that plaintiff also asserts that he was discriminated against by "some lower level management staff along with some employees" because of his national origin and religious culture. *Id*. at PageID# 412-13. However, the *Amended Complaint* asserts claims of unlawful retaliation, not of underlying unlawful discrimination.

Plaintiff also refers to the May 8 incident during which Rob Athans referred to him as "old;" plaintiff testified at the arbitration proceeding that he reported this incident to GE's human resources manager. There are two reasons why this incident is insufficient to overcome the motion for summary judgment. First, plaintiff's federal claim is based on Title VII, which does not address age-related employment practices. The *Amended Complaint* makes no mention of the ADEA and plaintiff will not be permitted to assert, in his response to the motion for summary judgment, an entirely new claim based on an entirely different federal statute.[6] Second, the *Amended Complaint* specifically alleges retaliation for having made a "complaint to the EEOC/Ohio Civil Rights Commission." *Id*. at ¶ 15. The claim asserted in the *Amended Complaint* and upon which GE has based its defense in this action makes no reference to retaliation for having made an internal complaint to GE's human resources manager. Again, it would be unfair to GE to permit plaintiff to effectively

---

[5] Plaintiff does not refer the Court to any exhibits documenting such reports.
[6] The fact that the Equal Employment Opportunity Commission is authorized to receive and investigate complaints under both Title VII and the ADEA does not change this conclusion.

11

further amend the *Amended Complaint* in order to alter his entire theory of recovery in response to GE's motion for summary judgment.

In short, the Court concludes that plaintiff has failed to establish a *prima facie* case of retaliation under Title VII and that GE is therefore entitled to summary judgment.

**WHEREUPON** *Defendant's Motion for Summary judgment,* ECF No. 43, is **GRANTED**. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** for defendants.

                                                s/Algenon L. Marbley
                                                  Algenon L. Marbley
                                      United States District Judge

DATED: March 6, 2019